

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-15-2007

# Tagayun v. Lever Stolzenberg

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3238

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Tagayun v. Lever Stolzenberg" (2007). *2007 Decisions.* Paper 1464.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1464

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-3238
_____

MYRNA TAGAYUN;
ROBERT S. MANDELL,
Husband of Myrna B. Tagayun,

Appellants

v.

LEVER & STOLZENBERG, ATTORNEYS AT LAW;
DAVID B. LEVER, ATTORNEY AT LAW

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. No. 05-cv-04101)
District Judge: Honorable Joseph A. Greenaway, Jr.

_____

Submitted Under Third Circuit LAR 34.1(a)
March 9, 2007

Before: FISHER, ALDISERT AND WEIS, CIRCUIT JUDGES

(Filed   March 15, 2007 )

_____

OPINION
_____

PER CURIAM

Appellants Myrna Tagayun, M.D., and Robert Mandell appeal <u>pro</u> <u>se</u> from the order dismissing their complaint with prejudice entered by the United States District Court for the District of New Jersey. For the following reasons, we will vacate the order of dismissal and remand with instructions to the District Court to consider in the first instance whether it had subject matter jurisdiction and personal jurisdiction to consider Appellants' claims.

The parties are familiar with the facts; thus, we will only briefly summarize them here. After Tagayun submitted a medical report to the law firm of Lever & Stolzenberg (hereinafter L & S), Mandell, Tagayun's husband and practice manger, submitted a bill for the report which the law firm refused to pay. Tagayun and Mandell allege that in the course of this fee dispute, defendant David Lever made a telephone call to a former colleague of Tagayun's (Dr. Christine Sapka). Tagayun and Mandell further allege that, during this telephone call, Lever made two slanderous and defamatory statements: (1) Lever would "'file a complaint with the board of medical ethics (or examiners) against plaintiff Myrna B. Tagayun;'" and (2) Lever would "'make life unbearable'" for Tagayun.

Tagayun and Mandell proceeded to file a complaint in the United States District Court for the District of New Jersey alleging that Lever, acting on behalf of his law firm, had committed slander per se and defamation per se. Tagayun and Mandell contended that the District Court had diversity jurisdiction over their claims because Tagayun and Mandell were residents of the State of New Jersey and defendants were residents of the

2

State of New York. They also asserted that the relief sought would "exceed seventy-five thousand dollars." The Appellees, L&S and Lever, answered the complaint and asserted that the District Court lacked subject matter jurisdiction. L&S and Lever also filed an amended answer to the complaint adding lack of personal jurisdiction as an affirmative defense. L&S and Lever then filed a motion to dismiss contending that the District Court lacked personal jurisdiction over them and that Tagayun and Mandell had failed to state a claim.

A Magistrate Judge issued an order to show cause why the action should not be dismissed for "lack of subject matter jurisdiction ($75,000 jurisdictional amount)." Tagayun and Mandell thereafter filed a brief stating they did not know whether the matter would attain the jurisdictional minimum, but they thought "it should and more." The Magistrate Judge concluded that, even assuming the statements were defamatory, the threshold jurisdictional amount had not been established, and recommended dismissal on that "basis alone." The Magistrate Judge also concluded that there was no personal jurisdiction over L&S and Lever, in part because L&S was a New York law firm, Lever himself was not a New Jersey resident, and the expert report was solicited in connection with a New York lawsuit. The Magistrate Judge found that the only connection to New Jersey was the alleged telephone call made by Lever from New York to New Jersey, and that this lone telephone call was insufficient to confer personal jurisdiction. The Magistrate Judge further recommended dismissal on the ground that Tagayun and

Mandell had failed to state a claim for defamation.

Appellants objected to the Magistrate Judge's recommendation, arguing that "the Magistrate Judge . . . has exceeded authority granted to Magistrate Judges . . . in particular 28 United States Code 636(b)(1)(A) [which] prohibits Magistrate Judges from taking dispositive action in civil matters . . . without consent of the parties."[1] The District Court observed that the record did not show that Tagayun and Mandell had consented to review by a Magistrate Judge or that the District Court had referred the matter to the Magistrate Judge. The District Court nonetheless concluded that the Magistrate Judge's handling of the case "at most" constituted a harmless error because the District Court was going to review the parties' claims de novo. After reviewing the merits of the parties' claims, the District Court granted the pending motion to dismiss, concluding that Tagayun and Mandell had failed to state valid claims for slander and defamation under New Jersey law.[2] The District Court did not address in the first instance whether it had both subject matter and personal jurisdiction over Tagayun and Mandell's claims. Tagayun and Mandell timely appealed to this Court. We have jurisdiction over this appeal under 28

---

[1] This argument misconstrues 28 U.S.C. § 636(b)(1)(A) and the actions of the Magistrate Judge. Section 636(b)(1)(B) provides that a judge may designate a magistrate judge to submit to a judge of the court proposed findings of fact and recommendations for motions to dismiss for failure to state a claim upon which relief can be granted. Here, no dispositive action on the motion to dismiss was taken by the Magistrate Judge; the Magistrate Judge submitted a Report and Recommendation to the District Court. The parties' consent was not required under these circumstances.

[2] The District Court declined to award attorneys' fees and costs to L&S and Lever.

4

U.S.C. § 1291.

The United States Supreme Court has rejected the practice of assuming "hypothetical jurisdiction" and resolving a case on the merits. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998). An actual determination must be made whether subject matter jurisdiction exists before a court may turn to the merits of a case. Malaysia Int'l Shipping Corp. v. Sinochem Int'l. Co., 436 F.3d 349, 358 (3d Cir. 2006), cert. granted, 127 S.Ct. 36 (U.S. Sept. 26, 2006) (No. 06-102). Personal jurisdiction is also "an essential element of the jurisdiction of a district . . . court, without which the court is powerless to proceed to an adjudication." Id. (quoting Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 584 (1999)).

Here, as noted above, the District Court proceeded to adjudicate the merits of this case without analyzing whether it had either subject matter or personal jurisdiction over the Appellees.[3] We therefore will vacate the District Court's order dismissing Appellants' claims and remand this case to the District Court for a determination of whether it had jurisdiction. As part of this jurisdictional analysis, the District Court shall examine whether Mandell has standing to assert claims for slander and defamation based on statements made regarding his wife. See Interfaith Cmty. Org. v. Honeywell Int'l, 399

---

[3] On appeal, Appellees contend that the "District Court properly dismissed Appellants' action for failure to satisfy the personal jurisdiction and subject matter jurisdiction requirements." However, the District Court's opinion did not resolve these threshold jurisdictional issues. Appellees' statement appears to reflect a misunderstanding of the import of the Magistrate Judge's Report and Recommendation.

F.3d 248, 254 (3d Cir. 2005) (describing standing as an element of the Article III case or controversy requirement). In the event the District Court determines that it does have jurisdiction in this case, the District Court shall engage in the choice of law analysis we recently outlined in Warriner v. Stanton, 2007 WL 110890 (3d Cir. January 18, 2007), before evaluating the merits of Appellants' claims.